**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

JACOB MENDEZ,                                )
                                             )
                          Plaintiff,         )
                                             )
vs.                                          )        No. 1:14-cv-1838-TWP-TAB
                                             )
R. PARKHURST, et al.,                        )
                                             )
                          Defendants.        )

**Entry Dismissing Insufficient Claims and Directing Further Proceedings**

**I. Screening**

Plaintiff Jacob Mendez, currently an inmate at the Pendleton Correctional Facility, filed this action R. Parkhurst, Nathan Odell and Brian Smith for alleged civil rights violations. Specifically, the plaintiff alleges in the complaint that the defendants violated his rights under the Constitution when, during a strip search, they violently probed his anus with their fingers and a wand, and laughed during the process. The Court requested that the plaintiff supplement his complaint to specifically identify the individual or individuals that committed these alleged acts. The plaintiff filed a response identifying defendant R. Parkhurst as the individual that committed the alleged acts. [dkt. 15].

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965

(2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Pro se complaints such as that filed by Mr. Mendez are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the Court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

Mr. Mendez's claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). Here, Mr. Mendez alleges violations of his rights under the Eighth Amendment. He seeks monetary relief.

### A. Insufficient Claims

A defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). "[A]n official meets the personal involvement requirement when he acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994)(quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985))(citations and internal quotations omitted). Without such an allegation–a complaint must allege facts to state a claim to relief that is plausible on its face, *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008)(citing *Twombly,* 550 U.S. 544)--there could be no recovery under 42 U.S.C. § 1983.

Here, Mr. Mendez does not allege that defendants Nathan Odell and Brian Smith participated in or caused the alleged constitutional deprivation. [dkt. 15]. As such, Mr. Mendez's complaint against Nathan Odell and Brian Smith **must be dismissed for failure to state a claim upon which relief can be granted.**

### B. Claims that May Proceed

Mr. Mendez's claim against R. Parkhurst for a violation of his rights under the Eighth Amendment **may proceed**.

### II.  Further Proceedings

The case shall proceed as to the Eighth Amendment claim asserted against R. Parkhurst.

The clerk is designated pursuant to *Fed. R. Civ. P*. 4(c) to issue process to the defendant R. Parkhurst in the manner specified by Rule 4(d).  Process shall consist of the complaint [dkt. 1], **the**

**Entry appearing at docket 15**, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and **this Entry**.

      **IT IS SO ORDERED.**


Date:  7/16/2015

                                      TANYA WALTON PRATT, JUDGE
                                      United States District Court
                                      Southern District of Indiana

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.


Distribution:

JACOB MENDEZ
151142
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

R. Parkhurst
Corrections Officer
Plainfield Correctional Facility
737 Moon Road
Plainfield, IN 46168