UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACOB MENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 1:14-cv-1838-TWP-MPB |
| | ) |
| R. PARKHURST, | ) |
| | ) |
| Defendant. | ) |

**Entry Granting Motion for Summary Judgment and
Directing Entry of Final Judgment**

This matter is before the Court on the motion for summary judgment filed by Defendant R. Parkhurst ("Officer Parkhurst"). [Filing No. 28]. The Plaintiff Jacob Mendez ("Mr. Mendez") filed this civil action on November 10, 2014, contending that his Constitutional Rights were violated while he was incarcerated in the Indiana Department of Correction ("IDOC"). Mr. Mendez alleges that during a strip search Officer Parkhurst violently probed his anus with his [the defendant's] fingers and a metal detection wand and laughed during the process, in violation of the Eighth Amendment. Mr. Mendez's claims are brought pursuant to 42 U.S.C. § 1983. He seeks monetary relief.

**Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.*, 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

## Discussion

*A. Undisputed Facts*

At all times relevant to his complaint, Mr. Mendez was confined by the IDOC at the Pendleton Correctional Industrial Facility ("Pendleton"). The IDOC has an Offender Grievance Process which is intended to permit inmates to resolve concerns and complaints relating to their conditions of confinement prior to filing suit in court. As an inmate at Pendleton, Mr. Mendez had access to the Offender Grievance Process. A copy of the Grievance Process is available in various locations within the prisons, including the law library. An offender can also obtain a grievance form through his counselor or executive assistant.

The Grievance Process consists of three steps. It begins with the offender contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution of the grievance informally, he may submit a formal grievance to the Grievance Officer of the facility where the incident occurred. If there is no response to an offender's informal attempts to resolve the issue, the offender is permitted to file a formal grievance form.

Once an adequate formal grievance form is received, the administrative assistant logs the grievance into the OGRE system where it is assigned a grievance case number, and provides a receipt to the offender. A formal grievance must be filed within twenty (20) working days from the date of the alleged incident.

If the formal written grievance is not resolved in a manner that satisfies the offender, he may submit an appeal. The appeal form must be submitted to the facility executive assistant or his designee, where it is entered, scanned, and forwarded to the final reviewing authority. A receipt is provided to the offender. Exhaustion of the grievance procedure requires pursuing a grievance to the final step.

The IDOC's grievance records for Mr. Mendez show that he did not file a formal grievance or an appeal relating to this incident. On December 2, 2013, Mr. Mendez completed the form seeking informal resolution of his grievance. [Filing No. 34-1, at p. 1]. On January 17, 2014, Mr. Mendez submitted a letter accusing authorities of failing to respond to a grievance he alleges he filed on December 2, 2013. [Filing No. 34-1, at p. 7]. Chuck Penfold responded to Mr. Mendez's letter stating that the facility had no record of a grievance relating to this incident. [Filing No. 34-1, at p. 8].

B. *Exhaustion*

The defendants argue that Mr. Mendez failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against them.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing

some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

C.  *Discussion*

Officer Parkhurst has shown that Mr. Mendez failed to avail himself of all administrative remedies before filing this civil action. Mr. Mendez disputes this and argues that he filed a "timely Level I grievance, but there is no [IDOC] record that he filed a Level 2 appeal to the [IDOC] grievance manager. . . ." [Filing No. 34, at p. 3]. Mr. Mendez then argues that he did file a grievance and indicates copies of the filed grievances are attached to the response in opposition. The Court has carefully reviewed the submission. Attached to the response in opposition are the informal grievance form, a report of conduct, a letter to the Mexican consulate, the January 17, 2014, letter to Chuck Penfold, Chuck Penfold's responsive letter stating that the facility had no record of a grievance relating to this incident, and five request for health care forms dated from 2014-2015. The only step in the grievance process Mr. Mendez provides any evidence he completed or attempted to complete is the submission of an informal grievance form.

Unfortunately for Mr. Mendez, he has provided no evidence that he complied with the grievance process and filed a formal grievance form or an appeal form.

The evidence presented is not sufficient to exhaust Mr. Mendez's available administrative remedies. Prisoner are required to properly exhaust all available administrative remedies before filing a lawsuit relating to prison conditions. *Woodford*, 548 U.S. at 93. It is therefore undisputed that Mr. Mendez failed to exhaust his available administrative remedies as required by the PLRA, before filing this lawsuit.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Mendez's action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### Conclusion

The defendants' motion for summary judgment [dkt. 28] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/15/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JACOB MENDEZ
151142
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronically registered counsel